UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,              :
                                       :
    Plaintiff-Respondent,             :    Case No. 1:02-CR-005
                                       :
                                       :
  v.                                   :
                                       :    **ORDER**
                                       :
LESLIE WOOD,                           :
                                       :
    Defendant-Petitioner.             :


       This matter is before the Court on Defendant-Petitioner's Motion for Re-sentencing (doc. 35) and the United States' Response (doc. 36). Having reviewed this matter, the Court finds that Defendant-Petitioner's motion is not a challenge to the sentence imposed by the Court, but is rather a motion seeking clarification concerning the Court's sentence, which Defendant-Petitioner states should run concurrently with the sentence he served in the Ohio prison system (doc. 35).

       The United States opposes Petitioner's Motion based on the theories that (1) it is unclear how much time is remaining on Petitioner's state sentence, and (2) this Court is without authority to do anything other than recommend the term of how any federal sentence be served in connection with a state sentence

(doc. 36). The Court does not find the first argument of the United States persuasive. To the extent Petitioner has served any time in the Ohio state system following the imposition of this Court's August 15, 2002 sentence, such time can be determined and credited against his federal sentence. Petitioner asks for "jail credit for time served while incarcerated at the Ohio State facility" (doc. 35). Petitioner is not entitled to credit for time served before the imposition of this Court's sentence, as such time would not qualify as "concurrent." However, it appears from the Court's docket that Petitioner did not start his federal sentence until June 25, 2003, some ten months after sentencing (doc. 34). Those ten months, if spent in the custody of the Ohio Department of Rehabilitation and Correction, should certainly be credited against Petitioner's federal sentence.

Respondent's second argument, based on United States v. Herb, 436 F.2d 566 at 568 (6th Cir. 1971), however, is well-taken. The Court therefore limits this order to a recommendation clarifying its intention that the sentence it imposed of 130 months be served concurrently with Petitioner's state sentence.

Accordingly, the Court GRANTS Petitioner's Motion (doc. 35) to the extent that it REITERATES its desire that his federal sentence be served concurrently with his state sentence (see doc. 33), and it RECOMMENDS that any time Petitioner has served on his state sentence after this Court's August 15, 2002 sentence should

be credited against his federal sentence of 130 months.

    SO ORDERED.


Dated: August 24, 2005    /s/ S. Arthur Spiegel
    S. Arthur Spiegel
    United States Senior District Judge